Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
19L757
Filed Date: 9/5/2019 11:24 AM
Envelope: 6452063
Clerk: VG

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

| | |
|---|---|
| SAN JUANA ESCARENO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19L757 |
| ) | |
| WALMART, INC., a foreign ) | |
| corporation d/b/a WALMART SUPER ) | |
| CENTER NO. 1596, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, SAN JUANA ESCARENO, by and through his attorneys, Rodriguez Legal Group, LLC and complaining of the Defendant, WALMART, INC., states as follows:

1. That on or about September 5, 2017 and at all times hereinafter mentioned and prior and subsequent thereto, WALMART, INC. operated a chain of wholesale stores.

2. That on or about September 5, 2017 and at all times relevant herein, WALMART, INC was a foreign corporation.

3. That on or about September 5, 2017 and at all times relevant herein, WALMART, INC. had a registered agent, C.T. Corporation System, at 208 S. LaSalle Street, Suite 814, Chicago 60604 in the County of Cook, State of Illinois.

4. That on or about September 5, 2017 and at all times relevant herein, WALMART, INC., was conducting business in Illinois through a wholesale store d/b/a WALMART SUPER CENTER NO. 1596, located at 200 South Bolingbrook Drive, Bolingbrook, Illinois 60440 in the County of Will, State of Illinois.

Initial case management set for 12/24/19 at: 9:00

DEFENDANT'S EXHIBIT A

5. That on or about September 5, 2017, the Plaintiff, SAN JUANA ESCARENO, was a customer of WALMART SUPER CENTER NO. 1596 located at 200 South Bolingbrook Drive, Bolingbrook, Illinois 60440 in the County of Will, State of Illinois.

6. That by reason of the premises, it was the duty of the Defendant, by and trough its agents, contractors, representatives, and/or assignees, to keep and maintain the floor of the aforesaid store in a reasonably proper and safe condition for use by persons lawfully upon said premises and especially for the Plaintiff.

7. That on the aforesaid date, while the Plaintiff was walking by or near the baby food section of Defendant's premises and, by reason and as a direct and proximate result of negligence of the Defendant, by and trough its agents, contractors, representatives, and/or assignees, as hereinafter specified, in whole or in part, the Plaintiff was caused to and did slip on a strawberry or a slippery substances and fell upon said area, with great force and violence, whereby she was greatly injured as hereinafter alleged.

8. That the Defendant, by and through its agents, contractors, representatives, and/or assignees, was then and there guilty of one or more of the following acts or omissions:

    a. Kept and maintained said floor in a dangerous, defective and unsafe condition, although it knew, or in the exercise of ordinary care, should have known of said condition;

    b. Negligently and carelessly permitted a strawberry or a slippery substance to accumulate and remain on the floor, although it had, or in the exercise of ordinary care, would have had knowledge of said condition;

c. Negligently and carelessly failed to remove a strawberry or a slippery substance from the floor and to make said premises safe for use by persons lawfully upon said premises;

d. Negligently caused a strawberry or a slippery substance to be on the floor before Plaintiff stepped on it;

e. Negligently failed to clean up a strawberry or a slippery substance from the floor, even though it knew that these substances could remain on the floor well after cleaning;

f. Negligently failed to place mats, rugs, or other non-skid surfaces in the area;

g. Negligently failed to place warning cones or signs that the area was wet;

h. Negligently failed to warn others, including the Plaintiff, that a strawberry or slippery substance were present on the floor, or were present on the floor and could be hazardous, even though it knew that these substances could remain well after cleaning;

i. Negligently failed to remove a strawberry or a slippery substance from the floor, even though it had actual knowledge that substances were present on the floor before Plaintiff stepped on them; and

j. Was otherwise negligent.

That by means of the premises and as a proximate result thereof, Plaintiff, SAN JUANA ESCARENO, was injured in her head, body, limbs, both externally and internally, and muscles, ligaments, tissues, nerves and blood vessels in her head, body and limbs were bruised, lacerated, torn and injured and she suffered great bodily pain and injury and mental anguish from then until now and will to continue to so suffer from said injuries in the future; that she has expended great sums of money for medical treatment and will in the future expend large sums of money for medical expenses in endeavoring to be cured of said injuries; that JUANA ESCARENO , has lost large sums of money by reason of being unable to follow her usual affairs and business as a result of said injuries.

WHEREFORE, the Plaintiff, SAN JUANA ESCARENO, demands judgment against the Defendant WALMART, INC, d/b/a WALMART SUPER CENTER NO. 1596, in a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS plus costs.

Respectfully Submitted,

RODRIGUEZ LEGAL GROUP, LLC

**Rodriguez Legal Group, LLC**
Attorneys for Plaintiff
954 W. Washington Blvd., Ste. 625
Chicago, IL 60607
(312) 243-6200
info@rlegalgroup.com
ARDC No. 6256589

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

| | |
|---|---|
| SAN JUANA ESCARENO, | ) |
|                   Plaintiff, | ) |
| v. | ) Case No. |
| WALMART, INC., a foreign corporation d/b/a WALMART SUPER CENTER NO. 1596, | ) |
|                   Defendant. | ) |

### RULE 222 AFFIDAVIT

I, Federico M. Rodriguez, certify under penalties as provided by law, pursuant to Section 1-109 of the Code of Civil Procedure, that the statements set forth below are true and correct:

1. The law firm of RODRIGUEZ LEGAL GROUP, LLC represents the plaintiffs in the above captioned matter;

2. That I am an attorney with RODRIGUEZ LEGAL GROUP, LLC, and am the attorney of record for plaintiffs;

3. That the damages sought in this action EXCEED / ~~DO NOT EXCEED~~ fifty thousand ($50,000.00) dollars.

Respectfully Submitted,

RODRIGUEZ LEGAL GROUP, LLC

**Rodriguez Legal Group, LLC**
Attorneys for Plaintiff
954 W. Washington Blvd., Ste. 625
Chicago, IL 60607
(312) 243-6200
info@rlegalgroup.com
ARDC No. 6256589